IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. MCCREARY, <br> Plaintiff, | |
| v. | Civil Action No. AW-11-cv-01674 |
| BENIFICIAL MORTGAGE CO. OF MARYLAND, *et al.*, <br> Defendants. | |

## **Memorandum Opinion**

Pending before the Court are Defendants Beneficial Mortgage Company of Maryland ("Beneficial"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and HSBC Bank U.S.A., N.A. ("HSBC")'s motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), Doc. No. 6, and Defendant Bierman, Geesing, Ward & Wood, LLC ("BGW")'s motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Doc. No. 7. As an initial matter, the Court has serious concerns regarding McCreary's representation by Shakyamunire Shiva Arati of the Glenmore Law Firm.[1] Plaintiff counsel has been informed of Defendants' motion to dismiss, *see* Doc. Nos. 6-7, but failed to respond to Defendants' motions. Thus, this matter is currently ripe for review. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is

---

[1] S. Shiva Arati is not a member in good standing of this Court's bar. *See Lampton v. Household Fin. Corp.*, RWT-11-cv-1364, at *8 (D. Md. 2011) (J. Titus). Nor has any attorney from the Glenmore Law Firm made any indication of intent to make an appearance in this Court. Additionally, the Court is aware of a civil case currently pending against the Glenmore Law Firm in which the Court is requiring a complete description of the attorney principals in that firm, including their identities and dates of admission to the bar of each jurisdiction in which they may be admitted. *See id*.

1

necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court **GRANTS** the Defendants' motions.

I.      **Factual and Procedural Background**

The following facts are drawn from the Complaint and documents referenced therein and construed in the light most favorable to Plaintiff. This case is an attempt by Plaintiff to stave off foreclosure on his home. In April 1973, Plaintiff purchased property located in Hyattsville, Maryland ("the Property"). Compl. ¶ 1. On August 15, 2006, Plaintiff closed on a mortgage loan which was secured by a Deed of Trust. Beneficial Mortgage Company of Maryland ("Beneficial") was the original trustee and lender on the deed of trust. Compl. ¶ 2. Plaintiff ceased paying his mortgage in November 2009, and the loan went into default. Compl. ¶ 30; Doc. No. 7 Ex. D.

Substitute Trustees Jacob Geesing, Howard N. Bierman, and Carrie M. Ward, took action on June 14, 2010 to foreclose on the deed of trust. Plaintiff stated that he received a Notice of Foreclosure letter on January 4, 2011. Compl. ¶ 41; Doc. No. 2. On May 19, 2011 the Circuit Court for Prince George's County, Maryland ratified sale of the Property. *See Geesing v. McCreary*, CAE 10-18382; Doc. 7 Ex. D.

Plaintiff filed the instant claim on March 31, 2011 in the Circuit Court for the State of Maryland, Prince George's County seeking the court to enjoin, or, in the alternative, to set aside any foreclosure sale of the Property. Compl. ¶¶ A-G. On June 17, 2011, Defendants filed a Notice of Removal to this Court. Doc. No. 1. On June 24 and June 28, 2011, Defendants filed motions to dismiss. Doc. Nos. 6, 7. On June 30, 2011, the Deputy Clerk sent a letter to Plaintiff's counsel informing that Plaintiff's counsel was not a member in good standing of this Court's bar. Doc. No. 8. At the time Plaintiff's counsel filed the Complaint in Circuit Court,

Plaintiff's counsel had been a member of the Maryland bar for only a little more than three weeks.[2] There has been no response to the notification and in fact, neither Mr. Arati nor any other attorney from the Glenmore Law Firm has taken any action since the claim was removed to this Court.

Plaintiff alleges nineteen causes of action against Defendants: Breach of Contract (Count I), Gross Negligence (Count II), Intentional Violation of the Duty of Good Faith (Count III), Wrongful Foreclosure for Failing to Adhere to Power of Sale Notice Requirements (Count IV), Abuse of Process and Malicious Prosecution (Counts VI and VII), Violations of the Truth in Lending Act (Count VIII), Violations of the Real Estate and Settlement Procedures Act (Count IX), Fraud, Fraudulent Concealment, Fraudulent Misrepresentation, and Negligent Misrepresentation (Counts X, XI, XII, XIII), Conspiracy to Commit Mortgage Fraud (Count XIV), Civil RICO, Civil Conspiracy to Commit Mail Fraud, and Civil Conspiracy to Commit Wire Fraud (Counts XV, XVI, XVII), Attorney Malpractice (Count XVIII), Breach of Fiduciary Duty (XIX), and Intentional Infliction of Emotional Distress (Count XX). However, Plaintiff has not provided any facts or evidence to support his allegations. Consequently, Defendants filed a motion to dismiss on the basis that all claims are barred by *res judicata*, which is the subject of this Memorandum Opinion.

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a),

---

[2]*See* Client Protection Fund of the Bar of Maryland, http://www.courts.state.md.us/cpf/attylist.html (search "Last Name" for "Arati").

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

### III.   Analysis

Defendants contend that *res judicata* bars Plaintiff's claims. *Res judicata*, or claim preclusion, prohibits relitigation of claims that could have been asserted, or were decided, in a

prior suit between the same parties or their privies. *Ayanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 570 (D. Md. 2000). The purpose of this doctrine is to provide litigants, as well as the judicial system, with some definite end to the litigation of matters previously addressed by the court. "[W]here one is given [the opportunity to be heard], and elects to stand mute and allow the decision to go against him without protest or objection, [then] he is bound by it." *Manigan v. Burson*, 862 A.2d 1037, 1040-41 (Md. Ct. Spec. App. 2004) (quoting *Moss v. Annapolis Sav. Inst.*, 8 A.2d 881, 884 (Md. 1939)). "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). In accordance with Maryland law, *res judicata* applies when: (1) the present parties are the same or in privity with the parties to the earlier dispute; (2) the claim presented is identical to the one determined in the prior adjudication; and (3) there has been a final judgment on the merits. *See Ayanwutaku*, 85 F. Supp. 2d at 570-71.

Under well-settled precedent, all three elements of *res judicata* are met here. First, the parties in the foreclosure action included Substitute Trustees from the law offices of Berman, Geesing, Ward and Wood. *See* Doc. No. 7 Ex. D. The Substitute Trustees acted on behalf of Beneficial, the loan servicer and authorized agent of the note holder.

Second, the cause of action in this case is identical to the claim in the foreclosure action for *res judicata* purposes. Under Maryland law, "claims are considered a part of the same cause of action when they arise out of the same transaction or series of transactions." *Id.* at 571. To determine if claims arise from a prior identical transaction, courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding

or usage." RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982). Any claim that Defendants' conduct in enforcing the Deed of Trust was abusive or wrongful should have been raised as an exception during the foreclosure proceeding itself. *See*, *e.g.*, *Ed Jacobsen, Jr., Inc. v. Barrick*, 250 A.2d 646, 648 (Md. 1969) ("[T]he law is firmly established in Maryland that the final ratification of the sale of property in foreclosure is res judicata as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings.") (citation and internal quotation marks omitted).

Third, while the instant Complaint was initiated prior to the completion of the foreclosure, because Plaintiff did not file an exception to the foreclosure sale or appeal the Circuit Court's judgment, the Circuit Court's ratification order is a final judgment on the merits of the foreclosure. Plaintiff had the opportunity to challenge the foreclosure sale, including by "obtaining a pre-sale injunction pursuant to Maryland Rule 14-209(b)(1), filing post-sale exceptions to the ratification of the sale under Maryland Rule 14-305(d), and the filing of post-sale ratification exceptions to the auditor's statement of account pursuant to Maryland Rule 2-543(g), (h)." *Wells Fargo Home Mortg., Inc. v. Neal*, 922 A.2d 538, 550 (Md. 2007). The ratification was entered and stated that there was "no cause to the contrary having been shown although due notice appears to have been given as required" to grant ratification of the sale. Doc. No. 7 Ex F. The Plaintiff did not exercise any of these options, and it would be inappropriate for this Court to interfere with the Circuit Court's final resolution of the foreclosure by granting Plaintiff's requested relief to set aside the foreclosure sale and ratification.

For the reasons stated, the Court finds that Plaintiff had a fair opportunity to present his claims against Defendants during the prior foreclosure proceedings, yet declined to do so.

Therefore, since all Defendants were privy to the previous action and final judgment in ratification of sale, this action is dismissed as to all Defendants.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss will be granted. A separate order will follow.

October 18, 2011                                          /s/
      Date                                           Alexander Williams, Jr.
                                           United States District Judge